IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-196-FL

IAN A. NACKE,                          )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )
                                       )                    ORDER
UNITED STATES OF AMERICA,              )
                                       )
                    Defendant.         )


This matter is before the court on plaintiff's motion to remand (DE 10), defendant's motion

to dismiss for lack of jurisdiction and failure to state a claim (DE 15), defendant's motion to seal a

proposed exhibit (DE 19), and plaintiff's motion for attorney fees and costs for improper removal

(DE 21). The issues raised have been fully briefed by the parties, and in this posture are ripe for

ruling. For the reasons set forth herein, plaintiff's motion to remand is denied, defendant's motion

to dismiss is granted, defendant's motion to seal is granted, and plaintiff's motion for attorney's fees

and costs is denied.

## STATEMENT OF THE CASE

Plaintiff commenced this action on January 27, 2018 in Cumberland County Superior Court

against a United States Army officer, Lieutenant Andrea Gerard ("Lt. Gerard"). Plaintiff then filed

an amended complaint against Lt. Gerard in state court on April 6, 2018. Plaintiff alleges various

causes of action, including slander per se, libel per se, malicious prosecution, tortious interference

of contract, and punitive damages. Plaintiff seeks compensatory damages, punitive damages, and

costs.

Defendant removed this action to this court on May 4, 2018, asserting jurisdiction on the ground that the United States was the proper defendant in this action because Lt. Gerard was acting in the scope of her employment within the Army.[1]  In conjunction with its notice of removal, defendant filed a certification of scope of employment and substitution.

Following removal to this court, plaintiff filed the instant motion to remand, asserting 1) defendant failed to timely remove this action to federal court, 2) defendant does not have a basis to remove under 28 U.S.C. § 1442(a)(3), and 3) Lt. Gerard was not acting under color of her office as a member of the military.  In response to plaintiff's arguments, defendant argues that 1) it corrected its notice of removal, 2) 28 U.S.C. § 2679(d)(2) provides a procedure for removal which defendant followed, 3) the action was timely removed under the specific provisions of 28 U.S.C. § 2679(d)(2), 4) removal is conclusive upon certification of scope of employment by the attorney general, and 5) to the extent plaintiff is challenging the certification of scope of employment, it is without any merit. In support of its response, defendant attaches a report on the non-probationary officer elimination of plaintiff (DE 18).  Together with its response, defendant filed its motion to seal the report.

In the meantime, defendant filed the instant motion to dismiss for lack of subject matter jurisdiction.  Defendant argues plaintiff failed to exhaust his administrative remedies, his claims are barred by the <u>Feres</u> doctrine of intraservice immunity, and intentional torts are outside the United States's waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA").  In support of its motion, defendant attaches a declaration by the Acting Chief of Operations and Records, stating no administrative claim was filed with the Army concerning the allegations raised by plaintiff in the complaint (DE 16-1).

---

[1]Due to an error in defendant's notice of removal, it filed a corrected notice on May 22, 2018.

Plaintiff then filed the instant motion for attorney's fees and costs for improper removal, again arguing the action was not timely removed. Additionally, he argues that the facts underlying the dispute and Lt. Gerard's actions are not incident to her service in the military, and that because Federal Tort Claims Act does not waive immunity for intentional torts, plaintiff's case must be allowed to proceed in state court. In response, defendant argues that plaintiff's motion for attorney's fees must be denied because 1) it is premature, 2) remand is not appropriate, and 3) even if the case were remanded, the United States's actions in removing the matter were objectively reasonable.

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows.[2] Plaintiff was a Captain in the Army stationed at Fort Bragg, North Carolina. (Compl. ¶ 3). Lt. Gerard was a Lieutenant in the Army stationed at Fort Bragg in North Carolina. (Compl. ¶ 4).

On or about September 25, 2016 plaintiff was tasked for a training tour of duty ("TDY") at Fort Polk, Louisiana. (Compl. ¶ 5). Lt. Gerard was also on this TDY. (Id.). On or about October 1, 2016, plaintiff, another lieutenant, and Lt. Gerard went out to dinner near Fort Polk after training had been completed for the day. (Id. ¶ 6). After eating dinner and going out to a bar to watch a football game, the three individuals returned to base, where they had a drink in the barracks parking lot. (Id. ¶ 7). After visiting for a time, Lt. Gerard and the other lieutenant left to go back to their barracks and plaintiff got in to the backseat of his vehicle to text his wife. (Id. ¶ 8).

Shortly thereafter, Lt. Gerard, got in to the backseat of the car with plaintiff, and began talking. (Id. ¶ 9). Lt. Gerard inquired as to why plaintiff had ranked her second of the four subordinates plaintiff had been responsible for ranking. (Id.). Plaintiff explained that he objectively

---

[2] Hereinafter, all references to the "complaint" in the text and to "Compl." in citations are to the amended complaint filed April 6, 2018, (DE 1-1), unless otherwise specified.

evaluated everyone and ranked them in accordance with her performance, and remained steadfast in his position despite Lt. Gerard expressing her disappointment. (Id.). They had further conversation before Lt. Gerard left to go back to her barracks. (Id.).

Plaintiff got out of his vehicle and began walking to his barracks, where he discovered Lt. Gerard on the front steps. (Id. ¶ 10). Lt. Gerard again brought up the ranking, but plaintiff simply returned to his vehicle where he fell asleep. (Id.). When plaintiff last saw Lt. Gerard, that evening, she was sitting on the steps in front of the barracks and he assumed that she had gone in to the barracks. (Id.).

On the following Wednesday, plaintiff was contacted by individuals from the Criminal Investigations Division ("CID") who state that they wanted to speak with him. (Id. ¶ 13). Plaintiff was later advised that Lt. Gerard had accused him of removing her underpants and undergarment and performing oral sex on her, and thus had sexually assaulted her when she was either passed out or fallen asleep while sitting in the back of plaintiff's rental vehicle on October 1, 2016. (Id. ¶ 14). Lt. Gerard also told her boyfriend on the telephone that morning and told him plaintiff had performed oral sex on her while she was asleep. (Id.). Lt. Gerard thereafter made a written statement on or about October 5, 2016 to CID that she had been sexually assaulted by plaintiff in the backseat of his vehicle. (Id. ¶¶ 15, 16). Lt. Gerard made another written statement to CID on May 11, 2017, again alleging sexual assault by plaintiff (Id. ¶ 16).

Plaintiff accuses Lt. Gerard of making false statements that "would defame [him] and expose him to possibly criminal charges including disciplinary action, and including discharge from the U.S. Army." (Id. ¶ 17). According to plaintiff, the motivations for these acts were "anger and vindictiveness as a result of [p]laintiff's ranking her performance among subordinates, and further to cover the fact that she had sexual relations with another unknown officer or enlisted soldier." (Id.

¶ 19).  Plaintiff further asserts that the false statements "were made to intentionally accuse [him] of a serious and reprehensible crime, and further to impugn him in his profession and intentionally damages his ability to serve in the U.S. Army."  (Id. ¶ 20).

## COURT'S DISCUSSION

A.    Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B.    Analysis

1.    Plaintiff's motion to remand

Plaintiff argues that this action was not properly removed.  Under a special removal provision for federal officers, "a civil action...that is commenced in a State court and that is against or directed to...any  officer...in an official or individual capacity, for or relating to any act under

color of such office..." is removable to federal court. 28 U.S.C. § 1442(a)(1).[3] Unlike the general removal statute, 28 U.S.C. § 1446, "the right of removal conferred by § 1442(a)(1) is to be broadly construed." Kolibash v. Comm. on Legal Ethics of W. Virginia Bar, 872 F.2d 571, 576 (4th Cir. 1989).

The Federal Tort Claims Act waives sovereign immunity against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). "'Employee of the government' includes (1) ... members of the military or naval forces of the United States ...." 28 U.S.C. § 2671. The FTCA also has a special removal jurisdiction statute that may be invoked where an employee of the government is sued:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of employment for purposes of removal.

28 U.S.C. § 2679(d)(2) (emphasis added). "Section 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant for purposes of trial if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect." Osborn v. Haley, 549 U.S. 225, 242 (2007) (emphasis in original). "For purposes of establishing a forum to adjudicate the case, however, § 2679(d)(2) renders the Attorney General's certification

---

[3]Although jurisdiction for removal of actions against members of the armed forces seems to more appropriately lie under 28 U.S.C. § 1442a, defendant asserts removal under the more general provisions of § 1442. Therefore, the court analyzes the jurisdiction under the statute defendant asserts.

dispositive." <u>Id.</u>

Here, defendant claims in its corrected notice of removal that jurisdiction is proper because this case is "a civil action...that is commenced in a State court and that is against or directed to...any officer...in an official or individual capacity, for or relating to any act under color of such office...." 28 U.S.C. § 1442(a)(1). Together with its notice of removal, defendant also has submitted a certification that Lt. Gerard was acting in the scope of her employment during the acts alleged, invoking 28 U.S.C. § 2679. (DE 3). Pursuant to the language of § 2679 and the Supreme Court's holding in <u>Osborn</u>, the certification by the Attorney General that Lt. Gerard was acting within the scope of her employment as a member of the military is conclusive for purposes of removal. Since defendant removed before trial in state court, the removal is timely.

Plaintiff first argues that removal was not timely under 28 U.S.C. § 1446. Plaintiff relies on the wrong removal statute to support his argument. Since the case was removed by defendant with certification from the Attorney General that Lt. Gerard was acting within the scope of her employment, defendant could remove any time before trial. 28 U.S.C. § 2679(d)(2); (DE 3). The general 30 day time limit for removing actions is inapplicable in this case. <u>See</u> 28 U.S.C. § 1446(b). Therefore, defendant's removal was timely.

Plaintiff next argues that defendant's case must be remanded because it alleges removal jurisdiction under 28 U.S.C. § 1442(a)(3). Defendant acknowledges this was a typographical citation error, that it meant § 1442(a)(1), and ultimately it submitted a corrected notice of removal with the appropriate citation. A close reading of the original notice of removal shows that defendant intended to invoke § 1442(a)(1) because it described the suit against Lt. Gerard as "in her official capacity." (DE 1 ¶ 2). Therefore, plaintiff's argument concerning § 1442(a)(3) is moot.

Finally, plaintiff undertakes an extensive analysis under <u>Mesa v. California</u> to argue that Lt.

Gerard was not protected by the Federal Officer Removal Statute. 489 U.S. 121, 124-25, 129-31, 134-35 (1985). However, Mesa has subsequently been clarified by Osborn in cases certified by the Attorney General. Plaintiff can challenge the substitution of defendant, but he cannot challenge the removal of his case to this court.[4] Osborn, 549 U.S. at 242; (see DE 3). Consequently, plaintiff's analysis under Mesa is unpersuasive in deciding whether to remand the case.

For the reasons stated above, plaintiff's motion to remand is denied. As discussed herein, defendant's removal of the instant action was proper. Therefore, the court also denies plaintiff's motion for attorney's fees and costs for improper removal.

2.      Defendant's Motion to Dismiss

Defendant argues that plaintiff's case must be dismissed for lack of subject matter jurisdiction, citing failure to exhaust, the Feres doctrine, and sovereign immunity.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). As stated above, the FTCA provides a waiver of sovereign immunity. 28 U.S.C. § 1346(b). However, this waiver is subject to several important qualifications and limitations, each of which bars claims against the United States on jurisdictional grounds. See Meyer, 510 U.S. at 475 ("Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States's] consent to be sued in any court define that court's jurisdiction to entertain the suit.'").

The Feres doctrine or "incident to service" test is derived from a 1950 Supreme Court decision consolidating three cases brought under the FTCA. See Feres v. United States, 340 U.S. 135, 137-38 (1950). All three cases were based upon negligence claims where claimants were

_____

[4]The court addresses plaintiff's scope of employment arguments in its discussion of defendant's motion to dismiss.

injured, "while on active duty, and not on furlough, [by] others in the armed forces." Id. at 138. The Supreme Court held that the federal government had no liability "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service," and all three claims were dismissed. Id. at 146. The Feres doctrine is in place to protect congressional authority over the United States' military establishment under the Constitution. See Chappell v. Wallace, 462 U.S. 296, 300-302 (1983). The appropriate forum for relief when a soldier is injured during service is to pursue a claim within military structures, such as under the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. §§ 801-946, or through administrative channels. Id. at 302-303.

"[W]here a complaint asserts injuries that stem from the relationship between the plaintiff and the plaintiff's service in the military, the 'incident to service' test is implicated." Cioca v. Rumsfeld, 720 F.3d 505, 515 (4th Cir. 2013). The court does not apply a bright line rule when determining if plaintiff's case is incident to service, but instead must assess "whether the suit requires the civilian court to second-guess military decisions ... and whether the suit might impair essential military discipline." Aikens v. Ingram, 811 F.3d 643, 651 (4th Cir. 2016) (quoting United States v. Shearer, 473 U.S. 52, 57 (1985)). The Feres doctrine is broad enough to include "'all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military.'"[5] Stewart v. United States, 90 F.3d 102, 105 (4th Cir. 1996) (quoting Major v. United States, 835 F.2d 641, 644 (6th Cir. 1987)). Thus, the Fourth Circuit has considered the rationales behind the incident to service test, as dictated by the Supreme Court, to bar most military service-based claims. Appelhans v. United States, 877 F.2d 309, 311 (4th Cir. 1989).

---

[5]The Feres doctrine not only includes actions in negligence, but intentional torts as well. See Blakey v. U.S.S. Iowa, 991 F.2d 148, 152 (4th Cir. 1993) (citing Jaffee v. United States, 663 F.2d 1226, 1235 (3d Cir.1981) (en banc)). Moreover, "application of the Feres test does not depend on the military status of the alleged offender." Aikens, 811 F.3d at 651 (citing United States v. Johnson, 481 U.S. 681, 686 (1987)).

The facts alleged in the complaint clearly show that plaintiff's cause of action against defendant is incident to his service in the military. Both plaintiff and Lt. Gerard were army officers on active duty at all times pertinent to this litigation. (Compl. ¶ 3, 4). Both plaintiff and Lt. Gerard were on TDY at Fort Polk. (Id. ¶ 5). The events underlying the alleged torts occurred on base around the Fort Polk barracks and barracks parking lot. (See,e.g., id. ¶¶ 8, 9, 10). Additionally, plaintiff alleges that Lt. Gerard was upset about how plaintiff ranked her in relationship to other subordinates in the chain of command, and that motivated Lt. Gerard to falsely accuse him of sexual assault. (Id. ¶ 9, 10, 19). Lt. Gerard's statements were made to CID, which began an investigation in to whether or not plaintiff sexually assaulted Lt. Gerard. (Id. ¶¶ 13-15). Most tellingly, the primary injury which plaintiff asserts is that Lt. Gerard "impugn[ed] him in his profession and intentionally damage[d] his ability to serve in the U.S. Army." (Id. ¶ 20). Taken together, the facts alleged show that plaintiff's alleged injuries were incident to service, and thus barred by the Feres doctrine.

Plaintiff argues that the Feres doctrine does not apply because "[a]s alleged, military work for the day had been completed." (DE 22 at 5). Plaintiff also makes other various arguments that his case is not incident to military service, including 1) plaintiff, Lt. Gerard, and another lieutenant went out for dinner off base, 2) the three service members stopped by a bar and watched a football game before returning to base, 3) upon returning to base, all three enjoyed a bourbon and coke in the parking lot, and 4) plaintiff's car was a rental vehicle not owned by the military. Plaintiff's argument misinterprets the meaning of "incident to service." "[A] plaintiff need not be on duty" for the Feres doctrine to apply. Aikens, 811 F.3d at 651 (citing Shearer, 473 U.S. at 57). Indeed,

> "Incident to service" is not, of course, a narrow term restricted to actual military operations such as field maneuvers or small arms instruction. It has been held that a member of the military is engaged in activity incident to his military service when

> he is enjoying a drink in a noncommissioned officers club, and when he is riding a donkey during a ballgame sponsored by the Special Services division of a naval air station, and while swimming in a swimming pool at an airbase.

Aikens, 811 F.3d at 651 (quoting Hass v. United States, 518 F.2d 1138, 1141 (4th Cir.1975)). Therefore, plaintiff's argument that he was off-duty at the time the alleged events underlying his case occurred is unpersuasive in determining that his alleged injury was incident to service.

Plaintiff also suggests, without any case law to support his position, that the government is required to be a defendant for the Feres doctrine to apply. As discussed above, "application of the Feres test does not depend on the military status of the alleged offender." Aikens, 811 F.3d at 651 (citing United States v. Johnson, 481 U.S. 681, 686 (1987)); see also Bailey v. DeQuevedo, 375 F.2d 72, 74 (3d Cir. 1967) (barring common law medical malpractice claims against naval surgeons). Even assuming without deciding that Lt. Gerard acted outside the scope of her employment and substitutions of defendant was improper, plaintiff would still have to show that his cause of action against Lt. Gerard was not incident to his service in the military. See Cioca, 720 F.3d at 515. For the reasons stated above, plaintiff fails to do so.

The court holds that the Feres doctrine bars plaintiff's claims against defendant. Consequently, plaintiff's claims must be dismissed for lack of subject matter jurisdiction. The court does not reach defendant's alternative arguments for dismissal under the FTCA.

3.      Defendant's motion to seal

In support of its response in opposition to plaintiff's motion to remand, defendant attaches a report on proceedings for plaintiff's non-probationary officer elimination, pursuant to 5 U.S.C. § 552a(b)(11). Defendant filed a motion to seal the document, to which plaintiff does not object. For good cause having been shown, the court grants defendant's motion to seal the report on proceedings for Plaintiff's non-probationary officer elimination.

**CONCLUSION**

Based on the foregoing, plaintiff's motion to remand (DE 10) is DENIED. Defendant's motion to dismiss for lack of jurisdiction and failure to state a claim (DE 15) is GRANTED. Defendant's motion to seal a proposed exhibit (DE 19) is GRANTED. For good cause having been shown, it is hereby ORDERED that the report on proceedings for plaintiff's non-probationary officer elimination (DE 18) be SEALED. Plaintiff's motion for attorney fees and costs for improper removal (DE 21) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of October, 2018.

LOUISE W. FLANAGAN
United States District Judge